IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



DAVID J. HARDIN,  )
    Plaintiff,  )
        )
v.  )   Civil Action No. 1:09cv877
        )
JOHN E. POTTER,  )
    Defendant.  )

## ORDER

The matter came before the Court on defendant's summary judgment motion and Rule 41(b) motion to dismiss for failure to prosecute. On February 26, 2010, plaintiff, proceeding *pro se*, was given notice of defendant's motions pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975). Plaintiff did not file a response to defendant's motion and failed to appear at the April 2, 2010 hearing. Because plaintiff did not appear at the hearing, the Court heard no argument, but addressed and ruled on the pending motions. This Order memorializes the bench ruling resolving defendant's motions.

Plaintiff is an African-American male. On March 17, 2006, plaintiff interviewed for a window clerk position with Marc Stephens, a Caucasian male and the Acting Officer-in-Charge of the Centreville Post Office. Stephens "strongly recommended" that plaintiff be hired, and thereafter on April 12, 2006, plaintiff was hired as a "Part-Time Flexible Employee" for a 90-day probationary period. Plaintiff immediately attended and completed orientation and training programs, and also received a full week of structured on-the-job training. Yet, once plaintiff began working at the Centreville post office, he regularly performed his duties unsatisfactorily. Specifically, between May and July 2006, plaintiff's supervisors recorded numerous customer

complaints against plaintiff and, on multiple occasions, observed plaintiff failing to follow USPS protocol. During this period, plaintiff's supervisors notified plaintiff of his deficiencies and the customer complaints, and provided further training and guidance. Nonetheless, plaintiff's performance did not improve, and accordingly he was terminated at the conclusion of his probationary period in July 2006.

In his *pro se* complaint, plaintiff alleges that the United States Postal Service ("USPS") discriminated against him on the basis of color, race, and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2006).[1] Specifically, plaintiff alleges two causes of action: (i) that his "race, color, and sex were motivating factors and made a difference in the treatment, training and evaluation" he received; and (ii) that his "race, color, and sex were motivating factors and made a difference in the decision to terminate" him. Compl. ¶¶ 15-16.

Plaintiff's claims plainly fail under the Supreme Court's decision in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which applies where, as here, the record contains no evidence of direct discrimination. To begin with, plaintiff fails to establish a *prima facie* case of discrimination. With respect to plaintiff's discriminatory denial of training claim, the record clearly reflects that plaintiff was provided immediate orientation and training, structured on-the-job training, and additional training as needed during the probationary period. *See Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649-50 (4th Cir. 2002) (requiring claimant to establish that he was not provided training under circumstances giving rise to inference of discrimination).

---

[1] Plaintiff has filed administrative complaints with the USPS and the EEOC. These complaints have been denied.

Moreover, the only similarly-situated employee—namely, a probationary USPS employee identified by plaintiff in the administrative proceedings—was terminated within weeks of beginning her employment. Accordingly, plaintiff received more training than other similarly-situated employees, a fact that refutes any inference of discrimination. Likewise, with respect to plaintiff's claims of discriminatory treatment, evaluation, and termination, it is clear plaintiff cannot establish (i) that his job performance was satisfactory, or (ii) that the adverse employment action occurred in circumstances giving rise to an inference of discrimination. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (listing requirements for *prima facie* case under *McDonnell Douglas*).

Yet, even assuming plaintiff can establish a *prima facie* case of discrimination, ample record evidence demonstrates that defendant had a legitimate nondiscriminatory reason for terminating plaintiff, namely his unsatisfactory performance as a USPS window clerk. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000) (holding that under Rule 50, Fed. R. Civ. P., and on a motion for summary judgment under Rule 56, Fed. R. Civ. P., a court may "render judgment as a matter of law when a party has been fully heard on an issue, and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue"). Although the administrative record contains statements of plaintiff's subjective belief that he performed satisfactorily, these statements are irrelevant. As the Fourth Circuit has explained, it is well-settled that "[i]n a wrongful discharge action, it is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000) (citation and quotation marks omitted); *see also Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980). Importantly, the record does not demonstrate or support an inference

that defendant's nondiscrimination justifications for terminating plaintiff were pretextual.

Accordingly, for the reasons stated from the Bench and herein, and for good cause,

It is hereby **ORDERED** that defendant's motion for summary judgment is **GRANTED**.

It is further **ORDERED** that defendant's motion to dismiss for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., is **DENIED AS MOOT**.

Accordingly, it is further **ORDERED** that plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE** and that the Clerk is **DIRECTED** to enter judgment in favor of defendant pursuant to Rule 58, Fed. R. Civ. P.

Should plaintiff wish to appeal, he must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. Rule 4(b), Fed. R. App. P. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court of Appeals.

The Clerk is directed to send a copy of this Order to counsel of record and to the *pro se* plaintiff, and to place this matter among the ended causes.

Alexandria, Virginia
April 2, 2010

/s/
_____
T. S. Ellis, III
United States District Judge